UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFERSSON CASTILLO SANCHEZ, et al.

Petitioners,

v.

JULIO HERNANDEZ, et al.,

Respondents.

Case No. 2:26-cv-01003-TLF

ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS
IN PART

Eight petitioners (Jefersson Castillo Sanchez, Mamadou Diallo, Mamudo Djalo, Lilibeth Hernandez Alarcon, Vladimir Ivanov, Nelvin Jose Serrano Rodriguez, Jonny Suarez Mora, and Daniel Enrique Villanueva Rios) petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. All eight petitioners are detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1; Dkt. 13. Each seeks immediate release, arguing under *Mathews v. Eldridge*, 424 U.S. 319 (1976) that respondents re-detained them in violation of the Due Process Clause of the Fifth Amendment. Dkt. 1.

The parties unanimously consent to proceed before a Magistrate Judge. Dkt. 11. The Court **GRANTS** the petition **IN PART** and orders respondents to release all eight petitioners within **24 hours** of the filing of this Order, because the respondents did not provide a hearing, as required by the Fifth Amendment Due Process Clause, before arresting and detaining each petitioner.

## I.   BACKGROUND

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 1

Seven of the petitioners state (Dkts. 2-8) they entered the United States to escape political persecution in their home countries; Mr. Villanueva Rios (Dkt. 9) states he fled Honduras because he was persecuted on the basis of his sexual orientation.

Respondents and petitioners agree that each petitioner was conditionally released after initial detention and respondents later re-detained each petitioner. Dkt. 1; Dkt. 13. "Respondents agree that no Petitioner received a pre-deprivation hearing prior to their release being revoked." Dkt. 13 at 7. Respondents provide declarations of deportation officers ("DO"). *See* Dkt. 13 at 2-3; *see also* Dkts. 13-1 – 13-8.

### A. Jefersson Castillo Sanchez

Mr. Castillo Sanchez was born in Venezuela.[1] Dkt. 2, Declaration of Jefersson Castillo Sanchez, at 2; Dkt. 13-1, Declaration of Rita Soraghan, at 1. On or around June 7, 2022, he entered the United States and was detained. Dkt. 2 at 2; Dkt. 13-1 at 1. Respondents then conditionally released him, and petitioner states he was under "the ISAP program." Dkt. 2 at 2; Dkt. 13-1 at 1.

On January 13, 2026, respondents re-detained Mr. Castillo Sanchez. Dkt. 2 at 3; Dkt. 13-3 at 3. Petitioner asserts he was "pulled over by immigration officers at a truck weigh station in Montana", he gave them his "work permit, . . . social security card . . . driver's license . . . and told them [he] had a pending asylum case." Dkt. 2 at 3. Even with all this documentation, officer detained him and did not tell him why. Dkt. 2 at 3. Respondents' DO declaration only states that he was "taken into custody by CBP agents along Highway 87 near Havre, Montana," but does not provide the reason for his re-detention. Dkt. 13-1 at 3.

---

[1] Respondents assert  Mr. Castillo Sanchez is also a citizen of Colombia. Dkt. 13-1, Declaration of Rita Soraghan, at 2.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 2

**B. Mamadou Diallo**

Mr. Diallo is a citizen of Guinea. Dkt. 3, Declaration of Mamadou Diallo, at 2; Dkt. 13-2, Declaration of Gabriel Arambula III, at 2. On or around January 8, 2023, he entered the United States and was detained. Dkt. 3 at 2; Dkt. 13-2 at 2. Respondents then conditionally released him, and petitioner states he was under "the ISAP program." Dkt. 3 at 2; Dkt. 13-2 at 3 (respondent states petitioner was initially released on OREC, and later was released on ATD).

On January 4, 2026, while Mr. Diallo was living in Gresham, Oregon, respondents re-detained him. Dkt. 3 at 3; Dkt. 13-2 at 3. Petitioner states, "I received a knock on my apartment door by ICE agents who were looking for my roommate, Amadu Barri." Dkt. 3 at 3. Mr. Mamudo Djalo, who is also a petitioner in this matter, was in the apartment visiting Amadu Barri at the time. Dkt. 3 at 3. Ultimately, respondents arrested and transported Mr. Diallo and Mr. Djalo to NWIPC where they remain detained. Dkt. 3 at 3-4.

Respondents' DO declaration alleges Mr. Diallo was re-detained due to numerous violations of Mr. Diallo's release conditions. Dkt. 13-2 at 3. Respondents also allege that Mr. Diallo was ordered by an Immigration Judge, on March 23, 2026, to be removed to Uganda. Dkt. 13-2 at 3.

**C. Mamudo Djalo**

Mr. Djalo is a citizen of Guinea-Bissau. Dkt. 4, Declaration of Mamudo Djalo, at 2; Dkt. 13-3, Declaration of Gabriel Arambula III, at 2. On or around March 11, 2023, he entered the United States and was detained. Dkt. 4 at 2; Dkt. 13-3 at 2. Respondents state they then conditionally released him on an OREC. Dkt. 4 at 2; Dkt. 13-3 at 3.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 3

On January 4, 2026, respondents re-detained Mr. Djalo. Dkt. 4 at 3; Dkt. 13-3 at 3. Mr. Djalo states he was arrested and re-detained while visiting Mr. Barri's apartment. Dkt. 4 at 3. Mr. Djalo also states, "I was shown a paper that I did not go to a check-in, however I was never given a document that I had future appointments to check-in with ICE" and "was never told by ICE . . . that I could not travel within the United States." Dkt. 4 at 3. Respondents' DO declaration does not provide a reason for his re-detention. Dkt. 13-3.

### D. Lilibeth Hernandez Alarcon

Ms. Hernandez Alarcon is a citizen of Colombia. Dkt. 5, Declaration of Lilibeth Hernandez Alarcon, at 2; Dkt. 13-4, Declaration of Sheldon Benjamin, at 2. She entered the United States on or around March 9, 2024, and was detained.[2] Dkt. 1 at 14; Dkt. 13-4 at 2.  Respondents then conditionally released her, either on parole (ISAP program) after she passed a Credible Fear Interview (Dkt. 5 at 2); or, according to respondents, they released her on an OREC, and later under an ATD. Dkt. 13-4 at 2-3.

On January 7, 2026, respondents re-detained Ms. Hernandez Alarcon. Dkt. 5 at 4; Dkt 13-4 at 3. She states the "officer told me that I was going to be arrested and detained because I lacked documents. The officer didn't state that I have violated the terms of my release nor give me an opportunity to ask more questions or explain my situation."  Dkt. 5 at 4. Respondents' DO declaration states her re-detention was based on violations of ATD release conditions. Dkt. 13-4 at 3.

### E. Nelvin Jose Serrano Rodriguez

---

[2] Ms. Hernandez Alarcon additionally testified she first entered the United States on or around May 13, 2021. Dkt. 5 at 2. She states she was ultimately removed to Colombia. Dkt. 5 at 2. She explains she fled to the United States again in 2024 due to persistent death threats in Colombia. Dkt. 5 at 2.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 4

Mr. Serrano Rodriguez is a citizen of Venezuela. Dkt. 7, Declaration of Nelvin Jose Serrano Rodriguez, at 2; Dkt. 13-6, Declaration of Enrique Rodriguez at 2. On or around August 22, 2022, he entered the United States and was detained. Dkt. 7 at 2; Dkt. 13-6 at 2. Respondents then conditionally released him with an I-94 document and later placed him on ISAP release. Dkt. 7 at 2; Dkt. 13-6 at 3 (respondent states petitioner was released on ATD program).

On February 18, 2026, respondents re-detained Mr. Serrano Rodriguez. Dkt. 7 at 4; Dkt. 13-6 at 3. He alleges he received a message that he had a check-in appointment, and while he waited for his turn an ICE officer approached and told him he was being detained. Dkt. 7 at 4. Mr. Serrano Rodriguez asserts he requested to know why he was being detained the ICE officer "refused to give [him] any details." Dkt. 7 at 4. Respondents' DO declaration states his re-detention was based on violations of his release conditions. Dkt. 13-6 at 3.

**F.  Jonny Suarez Mora**

Mr. Suarez Mora is a citizen of Venezuela. Dkt. 8, Declaration of Jonny Suarez Mora, at 2; Dkt. 13-7, Declaration of Kurtis Reed, at 2. On or around March 24, 2024, he entered the United States with his son (who is now 10 years old) and was detained. Dkt. 8 at 2; Dkt. 13-7 at 2. Respondents then conditionally released him on an I-94. Dkt. 8 at 2; Dkt. 13-7 at 2-3 (respondents state petitioner was released on parole).

On December 25, 2025, respondents re-detained Mr. Suarez Mora. Dkt. 1 at 22; Dkt. 13-7 at 3. He alleges he was working for Door Dash and while trying to make a delivery he was re-detained by ICE. Dkt. 8 at 3. He states that he did not receive documents to explain why he was being arrested, and no one gave him a reason. Dkt. 8 at 3. Respondents' DO declaration states the re-detention occurred "after it was

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 5

determined Petitioner had made no contact with ICE since entering the U.S." Dkt. 13-7 at 3.

### G. Vladimir Ivanov

Mr. Ivanov is a citizen of Russia. Dkt. 6, Declaration of Vladimir Ivanov, at 2; Dkt. 13-5, Declaration of Robert Andron Jr., at 2. On or around October 29, 2022, he entered the United States and was detained. Dkt. 6 at 2; Dkt. 13-5 at 2. Respondents then conditionally released him after he passed a Credible Fear Interview. Dkt. 6 at 2; Dkt. 13-5 at 3 (respondents state Mr. Ivanov was released on an OREC).

Respondents' DO declaration alleges that on January 14, 2025, petitioner was arrested by law enforcement in Wisconsin "for Operating a Commercial Vehicle without a Commercial License." Dkt. 13-5 at 3. They further allege that on May 2, 2025, petitioner was convicted of this offense and paid a fine. Dkt. 13-5 at 3.

Petitioner claims that after he received his employment authorization and was hired as a truck driver, his employer informed him that his "Oregon driver's license was sufficient" and he was not aware that he needed a commercial driver's license. Dkt. 6 at 4. He also claims ICE did not tell him he was restricted from traveling outside of Oregon, where he lived at the time. Dkt. 6 at 2-3. He explains he did not have a lawyer representing him in this matter, and he "pleaded no contest to the charges on May 2, 2025, and immediately paid the $250.90 fine the same day." Dkt. 6 at 4.

On November 20, 2025, respondents re-detained petitioner. Dkt. 6 at 4-5; Dkt. 13-5 at 3. Petitioner claims the detaining officers told him "it was because [he] had been driving a truck without permission." Dkt. 6 at 5. Respondents do not dispute that his plea was the basis of his re-detention. Dkt. 13-5 at 3. Respondents assert that petitioner has been ordered removed to Russia, by a January 12, 2026, order of an Immigration

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 6

Judge. Dkt. 13-5 at 3. The order of removal is being appealed by petitioner to the Board of Immigration Appeals ("BIA"). Dkt. 13-5 at 3.

### H.  Daniel Enrique Villanueva Rios

Mr. Villanueva Rios is a citizen of Honduras. Dkt. 9, Declaration of Daniel Enrique Villanueva Rios, at 2; Dkt. 13-8, Declaration of Paul Correa, at 2. On or about May 2, 2021, he entered the United States. Dkt. 9 at 2; Dkt. 13-8 at 2. Upon entry, he states, he "ran across the border. . . . An immigration officer tried to stop me, and in my fear, I accidentally ran into her. She and I both fell and ten people piled on top of me." Dkt. 9 at 2; Dkt. 13-8 at 2. For this incident, he was charged with Assault on a Federal Officer and improper Entry by Alien; he was convicted, and sentenced to six months of incarceration. Dkt. 2 at 2; Dkt. 13-8 at 2. After serving his sentence, petitioner was transferred to respondents' custody; after passing a Credible Fear Interview, respondents conditionally released petitioner on January 14, 2022. Dkt. 9 at 2; Dkt. 13-8 at 3. Thereafter, petitioner moved to Washington to live with his then-partner, now-spouse. Dkt. 9 at 2.

On May 12, 2025, police arrested Mr. Villanueva Rios and charged him with assault in the fourth degree against his partner. Dkt. 9 at 3-4; Dkt. 13-8 at 3. Petitioner states, and respondents do not substantively dispute, that these charges were dropped by December 3, 2025. Dkt. 9 at 3-4; Dkt. 13-8 at 3.

Petitioner provided a declaration testifying to the following events occurring on May 12, 2025. Dkt. 9 at 3-4. He and his partner "had pulled over to check directions on GPS when police approached our car and asked to see identification." Dkt. 9 at 3. "Although [his partner] passed a field sobriety test, the police officers said that we were both under arrest. They wrongly claimed that I had assaulted [his partner] and charged

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 7

me with assault in the fourth degree." Dkt. 9 at 4. Respondents do not elaborate on the circumstances of the arrest of charge. Dkt. 13-8 at 3 (stating petitioner's OREC was canceled on January 13, 2026, due to the domestic violence arrest).

On January 13, 2026, respondents arrested and re-detained Mr. Villanueva Rios and did not provide him with any reason, they did not ask about his marital status (he and his partner were married on October 25, 2025), or his health status (he was taking prescribed medication for post-traumatic stress disorder, depression, and anxiety). Dkt. 9 at 4-6; Dkt. 13-8 at 3. Petitioner claims his re-detention occurred at an "ISAP appointment." Dkt. 9 at 4. He asserts that when he asked for the reason for his rearrest, the officers only responded by telling him to sign various papers that had "all [his] information." Dkt. 9 at 4-5. Petitioner states that the papers were voluminous and in English (he speaks and reads in Spanish), he wished his lawyer was present, and he resisted signing. Dkt. 9 at 4-5. Respondents allege petitioner was re-detained "due to the Domestic Violence arrest." Dkt. 13-8 at 3.

## II.   DISCUSSION

Each petitioner asserts a due process claim under *Mathews*. Dkt. 1. To assess petitioners' arguments, the Court adopts the reasoning of *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320-24 (W.D. Wash. 2025) in weighting the *Mathews* factors which include:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 8

*Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the *Mathews* test applies "in the immigration detention context.").

As respondents rely on 8 U.S.C. § 1225(b) to argue the petitioners here are not entitled to release or other relief under *Mathews*, this Court already rejected this argument in *Bealter Reyes v. Hermosillo*, No. 2:26-cv-00270-TLF, 2026 WL 507678 at *2 (W.D. Wash. Feb. 24, 2026). In short, "even assuming a statute permits government detention of an individual, the Due Process Clause may provide procedural protections not found in the statute." *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)); *see also Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) (quoting *E.A. T.-B.*, 795 F. Supp. 3d at 1322) ("the fact 'that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'").

And respondents also acknowledge,[3] (Dkt. 13 at 8) the petitioners' cases share many similarities to the petitioners in the cases of *Bealter Reyes*, which addressed three petitioners under *Mathews*, one of whom had a pending criminal charge, while the remaining two had no known post-release criminal history. 2026 WL 507678 at *3-5. There, the Court decided the petitioner faced with a pending charge should receive a post-deprivation hearing, while the remaining petitioners were released. *Id.* at *5.

A. **Mr. Castillo Sanchez, Mr. Diallo, Mr. Djalo, Ms. Hernandez Alarcon, Mr. Serrano Rodriguez, and Mr. Suarez Mora are entitled to release.**

---

[3] Specifically, respondents state they "do not consent to issuance of the writ and reserve all rights, including the right to appeal . . ." Dkt. 13 at 8.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 9

The first Mathews factor weighs in all six petitioners' favors. As the Court previously held: Individuals on release, even when such release is conditional, have a liberty interest in their continued freedom from custody. *E.A. T.-B.*, 795 F. Supp. 3d at 1321-22 ("That the Government exercises discretion in determining whether and which conditions of release to impose does not eliminate the protections afforded to Petitioner's liberty interest."); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the "Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty."). As described above, it is undisputed that all six petitioners were released after their initial detention and remained in the community prior to their re-detention.

The second Mathews factor weighs in all six petitioners' favors. Based on the documents provided and as described above, respondents allege these six petitioners, at most, violated their release conditions. Even when a petitioner's re-detention is motivated by alleged violation(s) of release conditions, "it would not necessarily follow that Petitioner can be detained for those violations without a hearing." *E.A. T.-B.*, 795 F. Supp. 3d at 1322; *see also Ramirez Tesara v. Wamsley*, No. 2:25-cv-01723-KKE-TLF, 2025 WL 3288295, at *5 (W.D. Wash. Nov. 25, 2025) ("factual disputes as to Petitioner's alleged parole violations should be resolved at a pre-deprivation hearing, rather than resolved after the fact by this Court.").

The third and final Mathews factor also weighs in both petitioners' favors. As the Court previously held, respondents' interest in civil detention without a hearing is low. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)) ("'If the government wishes to re-arrest Ortega at any point, it has

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 10

the power to take steps toward doing so; but its interest in doing so without a hearing is low.'").

The Court accordingly finds all six petitioners (Mr. Castillo Sanchez, Mr. Diallo, Mr. Djalo, Ms. Hernandez Alarcon, Mr. Serrano Rodriguez, and Mr. Suarez Mora) each have a protected liberty interest in their continuing release from custody and all the Mathews factors weigh their favor. As a post-deprivation remedy is insufficient under such circumstances, all six petitioners must be immediately released. *Bealter Reyes*, 2026 WL 507678 at *4; *see also E.A. T.-B.*, 795 F. Supp. 3d at 1324; *see also Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025) ("absent evidence of urgent concerns, a pre-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ.").

**B. Mr. Ivanov and Mr. Villanueva Rios are also entitled to release.**

Mr. Ivanov and Mr. Villanueva Rios are distinguishable from the above six petitioners as respondents allege each has a criminal history following their initial releases. *See, e.g.,* Dkts. 13-5, 13-8.

The analysis for the first and third *Mathews* factors concerning Mr. Ivanov and Mr. Villanueva Rios is the same as the other six petitioners. *See E.A. T.-B.*, 795 F. Supp. 3d at 1320-24. Thus, the Court will focus only on the second *Mathews* factor here.

Turning first to Mr. Ivanov, respondents' DO declaration provides that in May 2025, Mr. Ivanov "was convicted of Operating Without Valid License and sentenced to a fine" in Wisconsin. Dkt. 13-5 at 3.

In response, petitioner provides documentation that this conviction is a civil forfeiture offense under Wisconsin law. Wis. Stat. §§ 343.05(3)(a), (5)(b); Dkt. 16-1 at 2;

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 11

Dkt. 16-2 ("This is not a criminal offense and results only in a money penalty for this offense"); *see also United States v. Graap*, 754 Fed. App'x 483, 484 (7th Cir. 2019) ("unlicensed driving in Wisconsin may yield only forfeiture of up to $200 for a first offense").

Additionally, respondents have not provided Mr. Ivanov's actual release conditions beyond stating he was released under an Order of Release on Recognizance ("OREC"). Dkt. 13-5 at 3.

It is unclear if a civil forfeiture offense would even have violated his release conditions. This Court has previously held the "risk of erroneous deprivation is further highlighted here, where the Government has provided *no documentation* related to the revocation of Petitioners' release or their detention." *Espinoza Palacios v. Hermosillo*, No. 2:26-cv-491-JNW, 2026 WL 686138 at *7 (W.D. Wash. Mar. 11, 2026) (emphasis in original); *see also Martinez-Hernandez v. Bondi*, No. 26-cv-00564-BAT at 7 (W.D. Wash. Mar. 26, 2025) (illustrating the importance of the specific release condition terms as there, the "record is also unclear as to whether Petitioner was found guilty of a 'crime' as designated in the OSUP as a potential basis for revocation" as "it is unclear whether he was found guilty of a civil or criminal offense."). The Court finds the second Mathews factor weighs in Mr. Ivanov's favor.

Regarding Mr. Villanueva Rios, respondents' DO declaration provides that in May 2025, Mr. Villanueva Rios "was arrested by Mountlake Terrace (Washington) Police for Assault/Domestic Violence." Dkt. 13-8 at 3.

However, respondents do not dispute that this charge was dropped by December 3, 2025, prior to his re-detention on January 13, 2026. *E.g.* Dkts. 9, 13-8.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 12

This Court ordered a post-deprivation remedy in *Diaz-Aguero v. Noem*, as to a petitioner whose battery charge was "ultimately dismissed." No. 2:26-cv-00637-TLF, 2026 WL 915053 at *1 (W.D. Wash. Apr. 3, 2026). However, this petitioner was transferred from a detention center to ICE's custody only a week after her arrest on this charge. *Id.* In the present case, not only did respondent detain Mr. Villanueva Rios approximately seven to eight months after the initial arrest, it is undisputed they did so after the charge was dropped. *E.g.* Dkts. 9, 13-8.; *see also Espinoza Palacios,* 2026 WL 686138 at *5, 11 (releasing a petitioner who was re-detained after her domestic violence charges were dropped). The Court finds the second Mathews factor weighs in Mr. Villanueva Rios' favor.[4]

The Court finds Mr. Ivanov, and Mr. Villanueva Rios both have a protected liberty interest in their continued release from custody and all the *Mathews* factors weigh in their favor. As a post-deprivation remedy is insufficient under such circumstances, both petitioners must also be immediately released. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324; *see also Guillermo M. R.,* 791 F. Supp. 3d at 1036.

### III.    Conclusion

For the reasons above, the Court **GRANTS** the petition **IN PART**[5] and **ORDERS:**

1) Respondents **SHALL** immediately release all eight petitioners **within 24 hours** of the filing of this Order under their most recent conditions of release;

---

[4] If respondents rely on Mr. Villanueva Rios' conviction that existed  before his initial release, this Court rejects this argument for the same reasons discussed in *Bealter Reyes*, 2026 WL 507678 at *4.

[5] The petitioners also request additional injunctive relief, including numerous limits on any potential future re-detention. *E.g.* Dkt. 1 at 34. The Court declines to grant this relief and adopts the reasoning of *Saadhom*, No. 2:26-cv-00425-TL, 2026 WL 698786 at *10 (W.D. Wash. Mar. 12, 2026) ("the Court cannot conclude that due process requires a pre-detention hearing before an IJ, regardless of circumstances.").

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 13

2) Respondents **SHALL** file a certification with this Court no later than **two business days** from the date of this order, confirming the date and time all eight petitioners were released.

3) Upon release, respondents **SHALL** return to petitioners any personal property, including personal identification documents and employment authorization documents;

4) The Court will consider any post-judgment motion for attorney's fees, as requested in the petition.

DATED this 4th day of May, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 14